UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BENJAMIN LEIB,                                              CASE NO.:

    Plaintiff,

v.

ASG SOLUTIONS, LLC,
a Florida Limited Liability
Company,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**DECLARATORY RELIEF REQUESTED**

Plaintiff, BENJAMIN LEIB ("Mr. Leib" or "Plaintiff"), by and through his undersigned counsel, brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA"), seeking recovery from ASG SOLUTIONS, LLC ("ASG" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

2. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Lake County, Florida.

3. Defendant is a Florida limited liability company located in Wildwood, Sumter County, Florida, that does substantial business in Sumter County, Florida, and is therefore within the jurisdiction of this Court.

4. Plaintiff worked for Defendant in Wildwood, Sumter County, Florida, and therefore the proper venue for this case is the Ocala Division of the Middle District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) he and his mother suffered from serious health conditions as defined by the FMLA, necessitating Plaintiff to take or attempt

to take FMLA leave; and (b) he was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Plaintiff worked for Defendant, most recently as a Golf Course Superintendent, from December 15, 2021, until his termination on December 28, 2022.

8. Unfortunately, on October 1, 2022, Mr. Leib's father passed away in Mr. Leib's presence.

9. Mr. Leib, an only child, was left in a position of having to watch closely over his elderly mother, who suffers from serious health conditions, specifically dementia and multiple sclerosis.

10. Mr. Leib also has two small children of his own at home.

11. While dealing with intense grief, Mr. Leib struggled financially and emotionally to provide for his family in the ensuing time of need.

12. On November 12, 2022, Mr. Leib suffered a flareup of serious health conditions, specifically anxiety and depression.

13. Very shortly thereafter, on November 14, 2022, Mr. Leib disclosed his and his mother's serious health conditions to ASG Manager Jeff Morris, and

requested that ASG allow him to apply for FMLA leave in order to treat and address flareups of his and his mother's conditions.

14. Mr. Leib's disclosures and requests constituted protected activity under the FMLA.

15. In response to Mr. Leib's disclosures and requests, Mr. Morris told Mr. Leib that ASG was happy with his performance so far, and that he had no reason to believe that Mr. Leib's job was in danger, so Mr. Leib should have no need for FMLA leave.

16. Reluctant, but convinced by Mr. Morris's assurances, Mr. Leib elected not to apply for and avail himself of FMLA leave at that time.

17. Mr. Morris's statements and actions dissuading Mr. Leib from availing himself of the protections of the FMLA constituted unlawful FMLA interference.

18. Very shortly thereafter, however, on December 28, 2022, ASG informed Mr. Leib that it had decided to terminate his employment, effective immediately.

19. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Mr. Leib notifying ASG of his and his mother's serious health conditions, and in retaliation for Mr. Leib utilizing or attempting to utilize leave pursuant to the FMLA in order to treat and address same.

20. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

21. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

22. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

23. The timing of Plaintiff's disclosures and Plaintiff's use and/or attempted use of what should have been job-protected FMLA leave, and Defendant's termination of Plaintiff, alone demonstrates a causal and temporal connection between his protected activity and the illegal actions taken against him by Defendant.

24. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his utilization or attempted utilization of what should have been protected FMLA leave.

25. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

26. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

27. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

28. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-27, above.

29. At all times relevant hereto, Plaintiff was protected by the FMLA.

30. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

31. At all times relevant hereto, Defendant interfered with Plaintiff by dissuading Plaintiff from availing himself of the protections of the FMLA, by terminating Plaintiff's employment for suffering and disclosing to Defendant his and his mother's serious health conditions, and by refusing to allow Plaintiff to exercise his FMLA rights freely.

32. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

33. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

34. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-27, above.

35. At all times relevant hereto, Plaintiff was protected by the FMLA.

36. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

37. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating him for disclosing his and his mother's serious health conditions, for applying or attempting to apply for FMLA leave, and for utilizing or attempting to utilize what should have been FMLA-protected leave.

38. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise his rights to take approved leave pursuant to the FMLA.

39. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

40. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 9th day of April, 2024.

                Respectfully Submitted,

                */s/ Noah E. Storch*
                Noah E. Storch, Esq.
                Florida Bar No. 0085476
                RICHARD CELLER LEGAL, P.A.
                10368 W. SR. 84, Suite 103
                Davie, Florida 33324
                Telephone: (866) 344-9243
                Facsimile: (954) 337-2771
                E-mail: **noah@floridaovertimelawyer.com**

                *Attorneys for Plaintiff*